IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-22-00374-PRW-1 |
| ) | |
| ADONIS BATISTA, ) | |
| ) | |
| Defendant. ) | |

# **ORDER**

Before the Court is Defendant Batista's Unopposed Motion to Continue Trial Date and Pretrial Motion Deadlines (Dkt. 157), seeking to continue this case from the January 2023 Trial Docket to the February 2023 Trial Docket and to extend the pretrial-motion deadline to December 28, 2022. Trial of this case has been twice continued upon the unopposed motions of two co-defendants (Dkts. 113, 119).

Upon review of the motion, the Court finds that the ends of justice are served by the granting of a continuance in this matter and that such a continuance outweighs the interest of the public and defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has specifically considered the length of delay, the reason for delay, the defendants' assertion of their rights, any prejudice to the defendants, and other relevant circumstances. Additionally, the Court has considered whether "the failure to grant a continuance would . . . likely make continuation of [the] proceeding impossible, or [would] result in a miscarriage of justice," and also whether the failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the

1

reasonable time necessary for effective preparation."[1] Although a continuance of the trial to the February 2023 Trial Docket implicates the 70-day time limit set forth in the Speedy Trial Act, the Court also has discretionary authority under the Speedy Trial Act to "accommodate limited delays for case-specific needs."[2] Based on defense counsel's representations that, due to his late entry into this case (counsel states that he was appointed on November 23, 2022), more time is needed to review discovery materials and to properly counsel the defendant, the Court finds that a need for a continuance in this case "outweighs the best interest of the public and the defendant[s] in a speedy trial."[3] The Court therefore finds that the extended time granted by this continuance should be excluded from calculations under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

Accordingly, the Court hereby **GRANTS** the Unopposed Motion to Continue Trial Date and Pretrial Motion Deadlines (Dkt. 157); **STRIKES** the case from the Court's January 2023 Trial Docket; **STRIKES** the docket call scheduled for January 4, 2023; **RESETS** the case on the Court's February 2023 Trial Docket; and **RESETS** the deadline for filing pretrial motions to December 28, 2022.

**IT IS SO ORDERED** this 13th day of December 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[1] *United States v. Toombs*, 574 F.3d 1262, 1268–69 (10th Cir. 2009) (quoting 18 U.S.C. §3161(h)(B)(i)-(iv)).

[2] *United States v. Zedner*, 547 U.S. 489, 499 (2006).

[3] *Toombs*, 574 F.3d at 1273.